UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cody Driehorst,                                          Civ. No. 20-1279 (PAM/KMM)

          Plaintiff,

v.                                                       **MEMORANDUM AND ORDER**

Paul Schnell, Commissioner,
Minnesota Dept. of Corrections
In Individual capacity and
Official capacity,

          Defendant.

This matter is before the Court on Defendant's Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Cody Driehorst is committed to the custody of the Minnesota Department of Corrections for third-degree criminal sexual conduct. (Def.'s Supp. Mem. (Docket No. 29) at 2.) He alleges that the Department of Corrections has suspended in-person visits due to the COVID-19 pandemic, and that while other inmates in his facility have access to internet-based video visits, he does not. (Am. Compl. (Docket No. 9) at 5.)[1] Driehorst claims he is prohibited from having video visits because he is a sex offender and cannot have contact with minors. (Id. at 7.)

The Amended Complaint raises several broad claims under § 1983, including that Driehorst "has a constitutional right to equality and to not be discriminated against," that

---

[1] Citations to the Amended Complaint refer to the page number.

he should not be "singled out" among inmates because he is a sex offender, and that "under the 8th Amendment [he has] a right to be safe while in the custody of the Commissioner." (Id. at 7-8.)  Driehorst seeks $250,000 in damages, as well as injunctive relief ordering video visits for himself and "all others similarly situated" in the Department of Corrections. (Id. at 7.)

**DISCUSSION**

Schnell challenges Driehorst's claims under Rules 12(b)(1) and (6), contending that the Amended Complaint fails to plausibly allege any claims on which relief can be granted and that, in any event, he is entitled to immunity from those claims.

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6).  A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim.  Iqbal, 556 U.S. at 678.  At this stage, the Court assumes the allegations in the Amended Complaint are true and views them in the light most favorable to Driehorst.  Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010).

A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may challenge the complaint either on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). When a defendant challenges the complaint on its face, the Court reviews the pleadings and affords the plaintiff the same protections that he would receive on a Rule 12(b)(6) motion to dismiss. See Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The Court takes the factual allegations as true and will only dismiss a complaint if the plaintiff fails to allege an essential element for subject-matter jurisdiction. See Titus, 4 F.3d at 593.

Driehorst's conclusory allegations of constitutional violations fail to state claim a claim upon which relief can be granted.[2] While he asserts that "under the 8th Amendment [he has] a right to be safe while in the custody of the Commissioner," Driehorst fails to plausibly allege that being denied video visits is cruel and unusual punishment or somehow makes him less "safe." (Am. Compl. at 7-8.) Likewise, his implication that sex offenders are a suspect class entitled to equal protection is unfounded. No case has held that sex offenders constitute a suspect classification to which the Equal Protection Clause applies,

---

[2] Additionally, even if Driehorst stated a valid claim, his request for injunctive relief does not comport with the Prison Litigation Reform Act's requirement that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). Any such relief must be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." Id. Driehorst does not sufficiently allege that he has a constitutional right to video visits, and his requested injunction mandating that he and all other sex offenders be allowed video visits is not narrowly drawn. Therefore, his requested relief violates the Prison Litigation Reform Act.

3

and in fact courts have held the opposite.  See, e.g., United States v. Lafferty, 608 F. Supp. 2d 1131, 1144 (D.S.D. 2009) ("Sex offenders are not a suspect or quasi-suspect class."). And "[t]he Supreme Court has rejected the notion that a classification is suspect when 'entry into th[e] class . . . is the product of voluntary action.'"  United States v. Coleman, 166 F.3d 428, 431 (2d Cir. 1999) (alteration in original) (quoting Plyler v. Doe, 457 U.S. 202, 219 n.19 (1982)).  Also, Driehorst does not assert that he is treated differently than other sex offenders, rather he claims that all sex offenders in his facility are prohibited from having video visits.  (Am. Compl. at 7.)  Therefore, he asserts no valid equal-protection claim.

Even if Driehorst stated a valid claim, any claim against Schnell in his official capacity is barred by sovereign immunity.  The Eleventh Amendment prevents suits against state governments or entities thereof brought in federal court, except when Congress has abrogated that immunity for a particular cause of action.  Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 908 (8th Cir.1999).  Eleventh Amendment immunity extends to state officials, because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office [and] is no different from a suit against the State itself."  Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989) (internal citation omitted).  Therefore, Driehorst's official-capacity claims against Schnell are in fact claims against the State of Minnesota, and Minnesota has not waived immunity or otherwise consented to suit.  Further, neither Minnesota nor Schnell acting in his official capacity are "persons" under § 1983.  See id.  Driehorst's claims against Schnell in his official capacity are barred by sovereign immunity.

Moreover, liability under § 1983 is personal; there is no supervisor liability for violations of constitutional rights. Iqbal, 556 U.S. at 676. "[A] bare allegation that someone in supervisory authority has been deliberately indifferent, without any specification of that person's contact in fact with the plaintiff, [or] even an explicit charge of inadequate training or supervision of subordinates, is [not] sufficient to state a [§ 1983] claim." Estate of Rosenberg ex rel. Rosenberg v. Crandell, 56 F.3d 35, 38 (8th Cir. 1995). Thus, because Driehorst does not allege that Schnell was directly involved with any alleged unconstitutional action against him, he fails to state a claim for damages against Schnell.[3]

**CONCLUSION**

Driehorst's claims fail on their face. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant Paul Schnell's Motion to Dismiss (Docket No. 28) is **GRANTED**; and

2. The Amended Complaint (Docket No. 9) is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 19, 2021

                                              *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge

---

[3] Schnell further argues that qualified immunity protects him from Driehorst's claims against him in his personal capacity. Precedent seems to indicate that the Commissioner of the Department of Corrections can be liable for unconstitutional policies, and thus at this stage qualified immunity is not appropriate. See Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014).